# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |
|---|---|
| ROBIN ISRAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10-cv-02294-JPM-dkv |
| ) | |
| NORTHWEST AIRLINES d/b/a ) | |
| DELTA AIRLINES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pending before the Court is Defendant Northwest Airlines d/b/a Delta Airlines's ("Defendant") Motion to Dismiss Plaintiff's Complaint (D.E. 13), filed September 9, 2010. Plaintiff Robin Israel ("Plaintiff") responded in opposition on November 22, 2010. (D.E. 25.) For the following reasons, Defendant's motion is GRANTED.

**I. BACKGROUND**

Plaintiff worked as a flight attendant for Defendant beginning on July 17, 1996. (Def.'s Mot. to Dismiss ("Mot. to Dismiss") (D.E. 13) Ex. 2, April 29, 2009 Charge of Discrimination ("EEOC Charge").) On April 25, 2008, Plaintiff alleges that Defendant wrongfully terminated her employment. (Compl. (D.E. 1) ¶ 9.) Plaintiff filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 29, 2009, alleging wrongful termination based on race and disability discrimination. (EEOC Charge ("I believe that I was discharged because of my medical conditions and race, Black . . . .").)

On or around April 15, 2009, Plaintiff alleges that she was wrongfully denied reinstatement. (Compl. ¶¶ 9-10; Mot. to Dismiss Ex. 3, May 11, 2009 Amended Charge of Discrimination ("Amended EEOC Charge").) Plaintiff filed an amended EEOC charge on May 11, 2009, alleging discriminatory failure to rehire based on race and disability. (Amended EEOC Charge ("I also have been denied reinstatement since April 15, 2009").)

On January 20, 2010, the EEOC issued a no-cause determination and notice of right to sue. (Compl. Ex. 1, EEOC Dismissal and Notice of Rights.) Plaintiff filed a pro se complaint on April 20, 2010, asserting a claim of race discrimination against Defendant in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. (See Compl.) Plaintiff alleges that Defendant wrongfully terminated her and wrongfully failed to rehire her because of her race. (Id. ¶ 9.) Plaintiff describes the circumstances under which Defendant allegedly discriminated against her as follows:

> "Plaintiff was and is suffering from a severe
> depressive disorder when she was terminated at which
> time, she was unable to function. Further Defendant

> re-hired a Caucasian female whom Defendant terminated for similar reasons as Plaintiff[.] [H]owever Plaintiff[,] an African-American female[,] was not re-hired."

(Id. ¶ 10.)

In the instant motion to dismiss, Defendant argues that Plaintiff's complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff failed to file a timely charge with the EEOC and because her complaint fails to state a claim upon which relief can be granted. (Mot. to Dismiss Ex. 1, Def.'s Mem. in Supp. of Mot. to Dismiss Pl.'s Compl. ("Mot. to Dismiss Mem.") 1.)

On October 12, 2010, Plaintiff retained counsel, who subsequently filed a response in opposition to Defendant's motion to dismiss on November 22, 2010. (Pl.'s Resp. to Def.'s Mot. to Dismiss ("Pl.'s Resp.") (D.E. 25).) Plaintiff contends that she has properly stated a prima facie claim for discrimination under Title VII and that her wrongful termination claim is timely because the discrimination was continuous in nature. (Pl.'s Resp. Ex. 1, Pl.'s Mem. of Law in Supp. of Pl.'s Resp. to Def.'s Mot. to Dismiss ("Resp. Mem.") 1-2.)

**II. STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss the plaintiff's complaint for "failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6). Under Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 440 U.S. 544 (2007), a "civil complaint only survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Courie v. Alcoa Wheel & Forged Prods., 577 F.3d 625, 630 (6th Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949). The Court must "construe the complaint in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 902-03 (6th Cir. 2009) (citation omitted). The Court "need not accept as true legal conclusions or unwarranted factual inferences . . . and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." Id. at 903 (citations and quotation marks omitted).

**III. ANALYSIS**

Defendant makes two arguments in support of its motion: (1) Plaintiff failed to exhaust her administrative remedies before the EEOC on her wrongful termination claim; and (2) Plaintiff's wrongful failure to rehire claim fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will address each argument in turn.

**A. The Timeliness of Plaintiff's Wrongful Termination Claim**

Prior exhaustion of administrative remedies is a condition precedent to suit under Title VII and the ADEA. See Mitchell v. Chapman, 343 F.3d 811, 819-20 (6th Cir. 2003). An aggrieved person in a deferral state, such as Tennessee, must file a formal charge of discrimination within three hundred (300) days of the allegedly discriminatory action, 29 U.S.C. § 626(d)(2), and must commence a civil action within ninety (90) days of receipt of the right to sue letter, id. § 626(e). The period begins to run from the date of "the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(e)(1). The Sixth Circuit has clarified that "the starting date for the 300-day limitations period is when the plaintiff learns of the employment decision itself, not when the plaintiff learns that the employment decision may have been discriminatorily motivated." Amini v. Oberlin College, 259 F.3d 493, 498 (6th Cir. 2001).

Plaintiff filed a charge of discrimination with the EEOC on April 29, 2009. As a result, Plaintiff's claim under Title VII is limited to alleged acts of discrimination that took place on or after July 3, 2008. Plaintiff's EEOC charge asserted that she was wrongfully terminated on April 25, 2008, more than three hundred days prior to the filing of Plaintiff's EEOC charge. Consequently, Plaintiff's wrongful termination claim is time-barred.

Plaintiff argues that her wrongful termination claim is timely by characterizing Defendant's conduct as "a continuous form of discrimination."[1] (Pl.'s Resp. 1.) However, the Supreme Court has held that the "continuing violations doctrine" does not apply to serial violations that are separate in nature. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002). Because "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify," each such incident or adverse decision "constitutes a separate actionable 'unlawful employment practice.'" Id. As a result, each such incident must be included in a timely EEOC complaint, or it is no longer actionable. Id.

The Court finds that Plaintiff's discrimination claim based on Defendant's alleged wrongful termination of Plaintiff on April 25, 2008—a discrete, separable act from the alleged wrongful failure to rehire—is time-barred. Accordingly, Defendant's Motion to Dismiss Plaintiff's wrongful termination claim is GRANTED.

### B. Sufficiency of Failure to Rehire Claim

Defendant contends that the remainder of Plaintiff's complaint, which alleges a wrongful failure to rehire claim,

---

[1] Plaintiff's reliance on EEOC v. WC&M Enters., Inc., 496 F.3d 393 (5th Cir. 2007), is misplaced. That case dealt with a hostile work environment claim. In 2002, the Supreme Court abrogated the continuing violations doctrine outside the context of hostile work environment harassment claims. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002).

6

should be dismissed pursuant to Rule 12(b)(6) because Plaintiff does not allege facts sufficient to establish that: (1) she reapplied for a job with Defendant or, if so, when this occurred; and (2) she was qualified for the position for which she applied. (Mot. to Dismiss Mem. 4-5.) In response, Plaintiff argues that she has established a prima facie claim of discrimination based on Defendant's wrongful failure to rehire in that the facts alleged "point to an inference of unlawful discrimination."[2] (Pl.'s Resp. 1.)

Under the McDonnell Douglas framework, Plaintiff may state a prima facie case of race discrimination involving a failure to rehire by stating facts showing: (1) she is a member of a protected class; (2) she applied for and did not receive the job at issue; (3) she was qualified for the job; and (4) a similarly situated person who was not in Plaintiff's protected class received the job for which she applied. Anthony v. BTR Automotive Sealing Sys., Inc., 339 F.3d 506, 515 (6th Cir. 2003) (noting that a prima facie case requires that a plaintiff actually applied for the position sought).

---

[2] In Plaintiff's response, Plaintiff includes additional factual allegations to support her claim. For purposes of determining Defendant's motion to dismiss, the Court may not consider the factual allegations contained in Plaintiff's response. The Sixth Circuit follows the general rule that "[m]atters outside the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." Weiner v. Klais & Co., Inc., 108 F.3d 86, 98 (6th Cir.1997). Thus, the Court may only consider the allegations contained within Plaintiff's Complaint in determining Defendant's Motion.

The pleading standard established by Twombly and Iqbal requires that Plaintiff plead "only enough facts to state a claim to relief that is plausible on its face," rather than a claim that is merely "conceivable." Twombly, 550 U.S. at 570. In the context of a Title VII claim, "a complaint that pleads *facts* in support of each element of a prima facie case of discrimination — and not merely conclusory statements to the effect that such elements are satisfied — necessarily meets Iqbal's requirement that the complaint show more than the 'mere possibility of misconduct.'" Orozco v. City of Murfreesboro, No. 3:09-cv-00752, 2009 WL 4042586, at *3 (M.D. Tenn. Nov. 19, 2009) (analyzing the standard established in Twombly and Iqbal together with the rule stated in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), that a plaintiff need not plead every element of a prima facie case in his complaint in order to state a claim).

The Court finds that Plaintiff's complaint does not allege facts in support of the second and third element of the McDonnell Douglas prima facie case. Plaintiff fails to allege facts showing that she applied for rehire with Defendant, which job, if any, she applied for, or when she was allegedly denied rehire. In addition, Plaintiff does not allege that she was qualified for the position she sought. In fact, Plaintiff's complaint suggests a contrary conclusion, in that Plaintiff

8

states that she "is suffering from a severe depressive disorder," the same disorder that rendered her "unable to function" at the time of her termination.[3] (Compl. ¶ 10.)

The Court finds that Plaintiff's complaint does not contain sufficient factual matter to state a claim for relief that is plausible on its face. Even taking the factual allegations in the complaint in the light most favorable to Plaintiff, the facts alleged would not entitle Plaintiff to relief. Accordingly, Defendant's Motion to Dismiss the remainder of Plaintiff's Complaint is GRANTED.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED. Plaintiff's Complaint against Defendant is hereby DISMISSED WITH PREJUDICE.

SO ORDERED this 14th day of December, 2010.

/s/ JON PHIPPS McCALLA
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's complaint states that she "was *and is* suffering from a severe depressive disorder when she was terminated at which time, she was unable to function." (Compl. ¶ 10 (emphasis added).)